UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | 3:15-cr11-01 |
| | § | |
| **DENNIS P.M. HUGHES** | § | |

**HUGHES' OPPOSED MOTION TO WITHDRAW
HIS PLEA DUE TO
PRE-SENTENCING COURT DECISIONS THAT,
IF FOLLOWED,
WOULD REQUIRE SUPPRESSION
OF THE EVIDENCE AGAINST HIM**

Dear Judge Hanks:

Dennis Hughes, through Neal Davis, and pursuant to the Fourth Amendment of the United States Constitution forbidding illegal searches and seizures, the due process clause of the Fifth Amendment of the United States Constitution, and Federal Rule of Criminal Procedure 11(d)(2) permitting pre-sentence plea withdrawals, moves to withdraw his plea because of at least two recent post-plea and pre-sentence court opinions that, if followed, would require the suppression of evidence against him, showing specifically:

### A. OVERVIEW

1

1. Under Federal Rule of Criminal Procedure 11(d)(2), a defendant may withdraw his guilty plea prior to sentencing if "*for any reason* the granting of the privilege seems fair and just."

2. Hughes clearly meets this standard for relief.

3. *A month after* Hughes' plea, one United States District Court in Massachusetts on April 20, 2016, held that the warrant involved in Hughes' case (and in other cases where the government hosted a child porn website that executed a virus, pursuant to a federal magistrate judge's warrant in Virginia, to unmask the IP addresses of website users so they could be located), was invalid and suppression of the evidence was the proper remedy. A United States Magistrate Judge in Oklahoma on April 25, 2016, issued a report and recommendation that the United States District Court suppress the fruits of the warrant involved in Hughes' case.[1] The United States District Court of Massachusetts so held, and the United States Magistrate Judge in Oklahoma so recommended relief, because the Virginia magistrate judge's warrant violated Federal Rule of Criminal Procedure Rule 41(b)(2) and (b)(4) and required suppression. These two opinions are attached as Appendix

---

[1] The Oklahoma District Court has not yet ruled on the magistrate's recommendation.

1 and 2 respectively. This Rule of Criminal Procedure limits a magistrate's authority to issue a warrant for a person or property *outside* of the magistrate's district.

    4. *Before* his plea, on the other hand, the courts that had addressed the issue denied suppression. *See, e.g., United States v. Michaud*, Case No. 3:15-cr-05351-RJB (W.D. Wash. Jan. 28., 2016) at doc. 14 and at https://www.scribd.com/doc/297031200/Michaud-Motion-to-Suppress (holding the Virginia warrant technically violated Rule 41(b) but that suppression was not warranted because the violation was technical, the defendant suffered no prejudice, and there was no evidence the warrant was executed with intentional and deliberate disregard of Rule 41(b)); *see also United States v. Stamper*, Case No. 1:15cr109 (S.D.Ohio Feb. 19, 2016) (same); *and, United States v. Epich*, 2016 WL 953269 (E.D.Wis. March 14, 2016) (holding Seventh Circuit law established "violations of federal rules do not justify the exclusion of evidence that has been seized on the basis of probable cause . . .")

    5. Given the dearth of favorable law before Hughes pled, including any controlling law in the United States Court of Appeals for

the Fifth Circuit, Hughes could not have reasonably anticipated that courts would have found the Virginia warrant invalid and suppressed the evidence flowing from it. Indeed, if he had so anticipated, he would have challenged the warrant before pleading to the indictment in the first place.

6. Given the dramatic change in the legal landscape in the Massachusetts and Oklahoma cases *after* his plea, it would be fundamentally unfair and unjust to force Hughes to persist in a plea when the very type of evidence against him is being suppressed in Massachusetts and in Oklahoma if the District Court there follows the magistrate's recommendation.

7. Hughes should therefore be allowed to withdraw his plea so that he can litigate whether the federal magistrate's warrant in *Virginia*, which led to the search of Hughes' computer in *Texas*, was invalid and therefore requires suppression of the evidence against him.

## FACTUAL BACKGROUND

1. On June 5, 2015, Hughes was arrested on a complaint for receiving and possessing child pornography.

2. On June 10, 2015, a detention hearing was held and Hughes

was granted pre-trial release.

3. Evidence obtained in this case was obtained through a novel procedure. According to the testimony of Special Agent Kelly Berry and discovery provided by the government to date, the government seized a child pornography website in Newington, Virginia, and operated it from February 20, 2015, to March 4, 2015. See p. 12 of the search warrant for Hughes' residence on 3506 Pickering, Pearland, Texas, 77584, attached as Appendix 3. On February 20, 2015, the same day the government seized this website, the magistrate for the Eastern District of Virginia authorized a search warrant to allow law enforcement agents to deploy a Network Investigative Technique ("NIT") on this Virginia website in an attempt to identify the actual IP addresses and other identifying information of computers used to access the website. *Id.* at 17-18. Anytime a user or administrator logged into this website, the FBI was authorized to deploy a NIT which would send one or more communications to the user's computer. *Id.* at 18. This NIT identified the user's computer, location, other information about the computer, and the identity of the user. *Id.* Through deployment of a NIT, a user with the name of "Ahmed," the government discovered "Ahmed" was

logged onto the website for over 41 hours, and made one post, between November 28, 2014, and March 5, 2015. *Id.* at 18-19. Through deployment of the NIT, the government learned Ahmed accessed child pornographic images on the website on March 2, 2015. *Id.* at 19-20. Through deployment of the NIT, the government learned the IP address of a computer at Hughes' residence and obtained a search warrant for it. *Id.* at 20-21. The government executed this warrant, arrested Hughes (who admitted he was posing as "Ahmed), and he was held in custody on a federal complaint.

    4. Following a detention hearing, Hughes was granted-pre-trial release.

    5. On June 30, 2015, Hughes was indicted with three counts, as follows: (1) receipt of child pornography in violation of 18 U.S.C. 2252(a)(2)(B) and Section 2252A(b)(1), (2) Access with Intent to View Child Pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and Section 2252A(b)(2), and (3) Possession of Child Pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and 2252A(b)(2).

    6. On March 22, 2016, Hughes pled guilty to the indictment, without a plea agreement.

7. The PSR is due June 23, 2016.

8. Sentencing is set for July 1, 2016.

## LAW

1. Federal Rule of Criminal Procedure 11(d)(2) states:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea.** A defendant may withdraw a plea of guilty or nolo contendere . . .
>
>> **(2)** after the court accepts the plea, but before it imposes sentence if: . . .
>>
>>> **(B)** the defendant can show a fair and just reason for requesting the withdrawal.

2. The standard for determining whether a defendant may withdraw his guilty plea before sentencing is not whether the plea was constitutionally valid; rather, it is whether "*for any reason* the granting of the privilege seems fair and just." *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984) (citations omitted). The *Carr* court articulated seven factors that courts may consider when deciding whether to permit a plea withdrawal:

> (1) whether or not the defendant has asserted his innocence;
> (2) whether or not the government would suffer prejudice if the withdrawal motion were granted;
> (3) whether or not the defendant has delayed in filing his withdrawal motion;

7

(4) whether or not the withdrawal would substantially inconvenience the court;
(5) whether or not the original plea was knowing and voluntary;
(6) whether or not close assistance of counsel was available;
(7) whether or not the withdrawal would waste judicial resources.

*Id.*

3. When courts apply these factors, they should consider the totality of the circumstances. *Id.* at 370.

## LAW APPLIED TO FACTS

1. **Whether or not the defendant has asserted his innocence:** Hughes asserts his legal innocence. Legal innocence means that the government cannot meet its burden of proof through competent, legally-obtained evidence. The only evidence linking Hughes to the charges against him flows from the Virginia magistrate's warrant, which was invalid. Without this evidence, the prosecution cannot go forward against Hughes.

2. **Whether or not the government would suffer prejudice if the withdrawal motion were granted:** The government will not suffer prejudice if Hughes is allowed to withdraw his plea. The case is less than a year old. All the evidence, from electronically stored evidence to tangible exhibits to witnesses, is still readily available.

3. **Whether or not the defendant has delayed in filing his withdrawal motion:** Hughes has not delayed in filing his motion. He is filing it less than a month after the second court opinion (in Oklahoma) recommending that evidence be suppressed. Sentencing is several weeks away—on July 1, 2016. He has not waited to obtain some "strategic benefit"—e.g., seeing how some similarly situated defendant was sentenced—and never received any benefit of a bargain of having an actual plea agreement with the government.

4. **Whether or not the withdrawal would substantially inconvenience the court:** This Court will not be substantially inconvenienced. The PSR has not been completed. Filing and litigating the suppression motion should take no longer than a few weeks, since the defense does not anticipate that witnesses will need to be called. This case involves legal issues that are identical to many other cases in this district and around the country. Applying the same legal principles to this case will create little additional litigation. Moreover, the suppression issue is likely dispositive in this case; Hughes will almost certainly plead again to the indictment if he loses the motion.

5. **Whether or not the original plea was knowing and voluntary:** Hughes did not knowingly and voluntarily waive each of his potential defenses to the charges in this case. At the time he entered his plea, there was no controlling authority in the Fifth Circuit or the United States Supreme Court that would indicate that suppression was the appropriate remedy for a search conducted in violation of Federal Rule of Criminal Procedure 41. After he entered his plea, there has been a dramatic shift in the legal landscape: courts are beginning to recognize that a federal magistrate cannot authorize electronic searches of computers that exist beyond the borders of the judicial district in which he or she sits, and that a warrant that purports to authorize such a search requires suppression. Hughes could not have knowingly and voluntarily waived this potential defense when it had not been recognized at the time he entered his plea. *See, e.g., United States v. Ortega-Ascanio*, 376 F.3d 879, 886 (9th Cir. 2004) (holding that an intervening change in law constituted a "fair and just" reason for withdrawing a plea, even when the defendant waited nine months after the change in law to withdraw his plea). Undersigned has conducted extensive research in the Fifth Circuit and could not find any case law

addressing whether or not suppression is a remedy for violating Federal Rule of Criminal Procedure 41(b)(2) and (b)(4). There is actually at least one case that suggests that minor or technical violations of Rule 41, whatever that means, do not result in suppression. *United States v. Davis*, 226 F.3d 346, 352 (5th Cir. 2000). The two court opinions invalidating the Virginia warrant made dramatic changes to the legal landscape.

6. **Whether or not close assistance of counsel was available:** Undersigned assisted Hughes, before he pled, to the degree undersigned reasonably could have done so, given the lack of controlling law as well as the fact that the only cases that had decided the issue had unanimously denied suppression. While undersigned and Hughes were aware of the lack of any supporting case law, much less controlling case law, they obviously did not have the benefit of considering the post-plea change in law that invalidated the Virginia warrant. *See Cepulonis v. Ponte*, 699 F.2d 573, 575 (1st Cir. 1983) ("[C]ounsel need not chase wild factual geese . . ."); *Paulino v. United States*, No. 97-Civ-2107, 1998 U.S. Dist. LEXIS 5966, at *13 (S.D.N.Y. Apr. 28, 1998) (holding that a defense attorney does not have to be

"omniscient"); *see generally Ingber v. Enzor,* 841 F.2d 450, 454 (2d Cir. 1988) ("Were we to penalize [the defendant] for failing to challenge such entrenched precedent, we would ascribe to attorneys and their clients the power to prognosticate with greater precision than the judges of this court.").

7. **Whether or not the withdrawal would waste judicial resources:** Judicial resources will not be wasted, as discussed under 4. The government is litigating legally identical issues around the country. Allowing Hughes to assert essentially identical arguments would waste few judicial resources.

8. **As applicable reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion:** After Hughes' plea, at least one court has invalidated the Virginia warrant involved in Hughes' case, and another court has recommended to the district court that evidence flowing from that warrant be suppressed. Hughes could not have reasonably anticipated, before his plea, that these courts would have so ruled, given the state of the pre-plea case law.

## CONCLUSION AND PRAYER

It would be fundamentally unfair and unjust to force Hughes to persist in a plea when the very type of evidence against him is being suppressed Massachusetts and, if the district court follows the magistrate judge's recommendation, in Oklahoma. This Court has discretion to allow him to withdraw his plea if "*for any reason* the granting of the privilege seems fair and just." Hughes certainly has given this Court adequate reason. He should therefore be allowed to withdraw his plea so that he can litigate whether the federal magistrate's warrant in *Virginia*, which led to the search of his computer in *Texas*, was invalid and therefore requires suppression of the evidence against him.

Respectfully submitted,

NEAL DAVIS LAW FIRM, PLLC

/s/
_____
Neal Davis

State Bar No. 24001117
Federal No. 23729
917 Franklin, 6th Floor
Houston, Texas 77002
Telephone: (713) 227-4444
Facsimile:  (800) 769-7140
Email: Neal@NealDavisLaw.com

Defendant's lawyer

## **CERTIFICATE OF CONFERENCE**

I certify I have spoke to Assistant United States Sherri Zack about this Motion on May 16, 2016, and she is opposed.

/s/
_____
Neal Davis

## **CERTIFICATE OF SERVICE**

I certify that copy of this Motion has been sent to the Assistant United States Attorney on May 16, 2016, via PACER/ECF filing.

/s/

Neal Davis

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | 3:15-cr11-01 |
| DENNIS P.M. HUGHES | § | |

## ORDER

Upon considering Hughes' Motion to Withdraw his plea, the Court in its discretion GRANTS the motion and finds that, in light of the *Carr* factors, his plea shall be withdrawn.

Signed May _____, 2016.

_____
HON. JUDGE HANKS

16