THE HON. ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR15-274-RJB |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA |
| BRUCE LORENTE, | ) | |
| Defendant. | ) | Note for: July 8, 2016 |

Bruce Lorente, by his attorney, Mohammad Ali Hamoudi, respectfully moves the Court for an order allowing him to withdraw his guilty plea. Mr. Lorente makes this motion pursuant to Fed. R. Crim. P. 11(d)(2)(B). Mr. Lorente has not yet been sentenced by this Court (sentencing is scheduled for July 8, 2016), and fair and just reasons exist for withdrawal of his plea.

I.  **STATEMENT OF FACTS**

   a.  **Procedural History of This Case**

Bruce Lorente filed Motions to Suppress and to Dismiss the Indictment on February 22, 2016. (Dkt. 30-32). This Court denied the Motion to Dismiss on the same grounds cited in *United States v. Michaud* on January 22, 2016. (15-CR-05351-RJB, Dkt. 135). On January 28, 2016, this Court also denied Mr. Lorente's Motion to Suppress on the same grounds it had cited in the *Michaud* case. (*Id.*, Dkt. 140).

Mr. Lorente requested a change of plea hearing on March 23, 2016. (Dkt. 57). Mr. Lorente asked the Court to strike that hearing on March 29, 2016. (Dkt. 58). Mr.

DEFENDANT'S MOTION TO
WITHDRAW GUILTY PLEA
(Bruce Lorente, CR15-274-RJB) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

1  Lorente requested a second change of plea hearing on April 15, 2016. (Dkt. 63).  Mr.
2  Lorente then entered a guilty plea on April 19, 2016, to one count of Possession of
3  Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) (Dkt. 66).  On May 4, 2016,
4  this Court accepted Mr. Lorente's guilty plea. (Dkt. 70).

5       Mr. Lorente now seeks to withdraw his plea so that he may litigate his case
6  before this Court.  Mr. Lorente's need to do so stems from recent favorable suppression
7  rulings issued in two other districts and a favorable exclusion order by this Court.

8       On April 20, 2016, the Hon. William G. Young of the District of Massachusetts
9  suppressed evidence on grounds similar to those raised in Mr. Lorente's Motion to
10 Suppress.  (15-CR-10271-WGY, Dkt. 69, Exh. A).  On April 25, 2016, the Hon. Paul J.
11 Cleary issued a Report and Recommendation in the Northern District of Oklahoma
12 suppressing evidence on the same grounds raised by Mr. Lorente.  (15-CR-00182-JHP,
13 Dkt. 42, Exh B).  On May 25, 2016, this Court issued a motion excluding evidence
14 under Federal Rules of Criminal Procedure 16 after the Government refused to disclose
15 material discovery to the defense. (15-CR-05351-RJB, Dkt. 212).  The same discovery
16 at issue in *Michaud* has not been disclosed to Mr. Lorente.

17 **II.  MEMORANDUM OF LAW**

18      A defendant may withdraw a guilty plea after its acceptance but before
19 sentencing if the defendant shows "a fair and just reason for requesting the
20 withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The "fair and just reason" standard is a
21 "generous standard" that is "applied liberally." *United States v. Garcia*, 401 F.3d 1008,
22 1011 (9th Cir. 2005) (quoting *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th
23 Cir. 2004)). "Fair and just reasons for withdrawal include inadequate Rule 11 plea
24 colloquies, newly discovered evidence, intervening circumstances, or any other reason
25 for withdrawing the plea that did not exist when the defendant entered his plea."
26 *Ortega-Ascanio*, 376 F.3d at 883.

DEFENDANT'S MOTION TO
WITHDRAW GUILTY PLEA
(Bruce Lorente, CR15-274-RJB) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

Here, the *Levin, Arterbury,* and *Michaud* orders provide both intervening circumstances and strong grounds on which to challenge the evidence seized in Mr. Lorente's case. All of these rulings were announced after Mr. Lorente pleaded guilty. Before these rulings were announced, Mr. Lorente had already manifested reservations about pleading guilty. (Dkt. 57-58). *See also generally United States v. Muniz-Jaquez*, 718 F. 3d 1180 (9th Cir. 2013) (Government required to disclose evidence not only if it may be material to potential defenses, but also if it is relevant to plea negotiations and a defendant's ability to enter a knowing and intelligent plea).

The exclusion of the evidence in Mr. Lorente's case would cause the 18 U.S.C. § 2252(a)(4) and the 18 U.S.C. § 2252(a)(2) charges against Mr. Lorente to fail. The collateral consequences of a child pornography conviction are grave. For these reasons, Mr. Lorente wishes to withdraw his plea.

### III. CONCLUSION

The evidence obtained against Mr. Lorente was obtained in violation of his constitutional rights and he was unable fully to litigate the evidentiary issues in his case or make a fully informed decision about entering a plea because of the Government's nondisclosure of material evidence. Mr. Lorente now wishes to withdraw his plea so that he may fully litigate potentially meritorious issues. He respectfully requests this Court's permission to do so.

DATED this 27th day of June, 2016.

Respectfully submitted,

s/ *Mohammad Ali Hamoudi*
Assistant Federal Public Defender
Attorney for Bruce Lorente

DEFENDANT'S MOTION TO
WITHDRAW GUILTY PLEA
(Bruce Lorente, CR15-274-RJB) - 3

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

## CERTIFICATE OF SERVICE

I certify that on June 27, 2016, I filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of filing to all parties of record.

DATED this 27th day of June, 2016.

                         s/ *Barbara Hughes*
                         Paralegal

DEFENDANT'S MOTION TO
WITHDRAW GUILTY PLEA
(Bruce Lorente, CR15-274-RJB) - 4

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**