The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE LORENTE,<br><br>Defendant. | NO. CR15-274RJB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |

## I.   INTRODUCTION

Defendant Bruce Lorente seeks to withdraw his guilty plea, wrongly claiming that decisions by this Court and other district courts constitute intervening circumstances and thus a fair and just reason for withdrawal under Fed. R. Crim. Proc. 11(d)(2)(B). Dkt. 72.[1] These recent decisions reflect no change in circumstances and do not otherwise establish a fair and just reason for withdrawal. The only thing that has changed is Lorente's assessment of the strength of his potential defenses and thus the wisdom of his decision to plead guilty.

As detailed below, Lorente has provided no sound reason—let alone a fair and just one—to support his request. He does not claim there was some defect in his plea

---

[1] The arguments raised in Lorente's motion substantially overlap with those made by Defendant Gerald Lesan, who also seeks to withdraw his plea. *See* CR15-387RJB Dkt. 61. Accordingly, large portions of the government's opposition brief filed in that case are identical to the brief that follows.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 1
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  colloquy or point to newly discovery evidence.  He also does not claim that he received
2  ineffective assistance of counsel.  He points instead to instances where similarly situated
3  defendants successfully pressed legal arguments that Lorente expressly abandoned when
4  he chose to enter into a plea agreement with the government.  The decisions Lorente
5  points to cannot serve as a valid basis for withdrawal because, as the Ninth Circuit has
6  explained, they do not reflect a change in law that would provide Lorente with some
7  heretofore unavailable legal argument.  At most, they lend support to legal arguments that
8  Lorente had every opportunity to present yet chose to forego in favor of a plea.  The
9  Ninth Circuit has flatly rejected the notion that a defendant's reassessment of his legal
10 position based on developments in the case law can justify withdrawal.

11     Lorente and his attorneys were well aware of the arguments presented by the
12 defendants in the cases Lorente highlights.  But after assessing the relative strength of
13 those arguments, Lorente concluded that it was in his best interest to plead guilty and by
14 doing so avoid a statutory mandatory minimum sentence.  Now having seen that other
15 defendants who chose a different path achieved an outcome he finds more desirable,
16 Lorente has had a change of heart.  It is true that Rule 11's fair and just reason standard
17 should be interpreted broadly.  But to permit Lorente to withdraw his plea simply because
18 he has reassessed the strength of legal arguments he willingly abandoned would stretch
19 that standard beyond the breaking point.  Lorente has made no showing that would justify
20 withdrawal of his plea, and his motion should be denied.

21                    **II.     FACTUAL BACKGROUND**

22     This case arose from a months-long FBI investigation into users of the Playpen
23 website engaged in the trade of illicit child pornography.  As part of that investigation,
24 the FBI briefly assumed administrative control of that site and obtained a warrant
25 permitting it to deploy a "Network Investigative Technique" (the "NIT") that would
26 assist in identifying users whose IP addresses were hidden.
27     Using the NIT, the FBI identified an IP address associated with Playpen user
28 "Jimbox" and traced it to Bruce Lorente.  FBI Special Agent Caryn Highley obtained a

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 2
*United States v. Lorente*  CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

residential search warrant for Lorente's residence and FBI executed the warrant at Lorente's Seattle home in July 2015. After being advised of his constitutional rights, Lorente, the only occupant of the home, agreed to be interviewed. Among other things, he admitted that he had viewed and downloaded thousands of images of child pornography and stated his most recent download was just two days before the warrant. He also admitted that he had used Tor to access and download child pornography. The initial forensic preview confirmed the presence of images of child pornography on devices seized from Lorente, and he was taken into custody. Lorente was later indicted on one count each of possession and receipt of child pornography.

On February 22, 2016, Lorente filed a motion to dismiss the indictment based on outrageous government conduct and a motion to suppress evidence obtained as a result of the FBI's use of the NIT. *See* Dkt. 30, 33.[2] The government responded to Lorente's motions on March 7, 2016. *See* Dkt. 48, 49. The parties subsequently reached a plea agreement in which, among other things, the government agreed to dismiss the receipt count, which carries a mandatory minimum term of imprisonment, and a change of plea hearing was set for March 29, 2016. Dkt. 57. That hearing was stricken that morning after Lorente decided not to go forward with the change of plea. Dkt. 58.

Plea negotiations continued eventually resulting in a new agreement satisfactory to both parties. As with the prior agreement, among the commitments made by the government was an agreement to dismiss the count that carries a mandatory term of imprisonment. Lorente entered his plea of guilty to a single count of possession of child pornography before Magistrate Judge Creature on April 19, 2016, and after the period for filing objections to the Magistrate Judge's report expired, this Court accepted Lorente's plea on May 4, 2016. Dkt. 70.

---

[2] In his motion, Lorente incorrectly states that the Court denied these motions based on the reasoning outlined in the orders denying nearly identical motions in *United States v. Michaud.* Dkt. 72, at 1. In fact, the Court did not rule on Lorente's motions because he entered his guilty plea prior to the scheduled hearing on those motions. Undersigned counsel conferred with defense counsel, who confirmed that this erroneous statement was the product of an unintended oversight.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 3
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## III. ARGUMENT

After a guilty plea has been accepted but before sentencing, a defendant may withdraw that plea only if the defendant can show a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." *United States v. Nostratris*, 321 F.3d 1206, 1208 (9th Cir. 2003). And while the fair and just reason standard is to be applied liberally, "withdrawal is, as it ought to be, the exception," not the rule. *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

Indeed "a change of heart—even a 'good faith change of heart'—is not a fair and just reason that entitles [a defendant] to withdraw his plea, even where the government incurs no prejudice." *Id.* at 593 (quoting *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987)). As the Supreme Court has explained, a guilty plea should not be viewed as merely "tentative." *United States v. Hyde*, 520 U.S. 670, 676 (1997). "Were withdrawal automatic in every case where the defendant decided to alter his tactics . . . , the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *Id.* at 677.

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Davis*, 428 F.3d at 805 (citation omitted). The Ninth Circuit has also recognized that a post-plea change in the law may justify withdrawal under Rule 11. However, this is true only of a change in the law that "gives traction to a previously foreclosed or unavailable argument." *Ensminger*, 567 F.3d at 592; *accord United States v. Leon*, No. CR 09-00452 JMS, 2011 WL 2605622, at *3 (D. Haw. June 30, 2011) (permitting withdrawal where a post-plea grant of *certiorari* could result in the reversal of binding circuit precedent).

Here, Lorente claims no defect in his plea colloquy or the advice of counsel, nor does he assert newly discovery evidence would justify setting his plea aside. Rather, he

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 4
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

points to two decisions from other district courts in other circuits and this Court's May order suppressing evidence in *United States v. Michaud* as intervening circumstances that provide a valid basis for withdrawal. These decisions, however, broke no new ground, and they did not open the door to legal arguments that had previously been closed to Lorente. To the contrary, they reflect instances where similarly situated defendants successfully pressed legal arguments that Lorente freely abandoned when he pled guilty. What has changed for Lorente is his assessment of the wisdom of that choice in light of these developments. Buyer's remorse is not a valid justification for withdrawal of a plea, however. And his motion should be denied.

### A. A change in the law may serve as a fair and just reason for withdrawing a plea where it results in the availability of a previously unavailable legal argument.

While the Ninth Circuit has held that a post-plea change in the law may serve as a fair and just reason for withdrawing a guilty plea, it has also recognized that not every development in the law necessarily warrants setting aside a plea. In *United States v. Ortega-Ascanto*, for example, the Ninth Circuit found that an intervening Supreme Court decision that overruled binding circuit precedent provided a valid basis for withdrawing a guilty plea because that decision provided the defendant a previously unavailable defense to the charges. 376 F.3d 879, 884-85 (9th Cir. 2004). The Ninth Circuit has also made clear that this doctrine has its limits, lest a guilty plea be transformed into little more than a placeholder, revocable at the defendant's whim.

Specifically, in *United States v. Ensminger,* the Ninth Circuit clarified the limits of its holding in *Ortega-Ascanto*, explaining that a change in the law may support withdrawal of a guilty plea if that change results in the availability of some previously unavailable legal argument. There, the defendant challenged the denial of his motion to withdraw his guilty plea to a charge of failure to register as a sex offender. *Ensminger*, 567 F.3d at 588. He asserted that the district court abused its discretion because, after he pled guilty, a district court in another Circuit dismissed the same charge on constitutional grounds and thus he should have been able to rely on that decision to mount the same challenge. *Id.* at 588-89. The Ninth Circuit disagreed, noting that the defendant "made

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 5
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | the strategic decision not to venture down this avenue" of litigation "before negotiating a
2 | plea agreement with the prosecution." *Id.* at 591-92.
3 |      Directly addressing *Ortega-Ascanto*, the court explained that in that case, the
4 | defendant demonstrated a fair and just reason for withdrawal given "an intervening
5 | Supreme Court decision that overruled Circuit precedent and gave [the defendant] a
6 | plausible ground for dismissal [of] his indictment." *Ensminger*, 567 F.3d at 591-92
7 | (internal citations and quotation marks omitted). It continued, "[a] marked shift in
8 | governing law that gives traction to a *previously foreclosed or unavailable* argument may
9 | operate as a fair and just reason to withdraw a guilty plea." *Id.* at 592 (emphasis added).
10 | "A development in non-binding authority such as a district court decision in another
11 | circuit, by contrast, is not a change in the law in this sense and therefore does not
12 | constitute 'intervening circumstances' satisfying a defendant's burden under Rule
13 | 11(d)(2)(B)." *Id.*
14 |      Nor was the court persuaded by the defendant's claim that the intervening decision
15 | had altered his calculus about the strength of his potential challenge. *Id.* at 593. The
16 | court noted it was "unmoved" by the defendant's argument that "he decided against filing
17 | an otherwise available motion to dismiss because, to his knowledge, courts to that date
18 | had universally rejected" the constitutional challenge. *Id.* Where the defendant offered
19 | "no valid excuse for his failure to timely bring a constitutional challenge to the statute,"
20 | he could not withdraw his plea simply because he now had second thoughts about his
21 | decision to forego that litigation. *Id.*; *accord. Leon,* 2011 WL 2605622, at *3 (applying
22 | *Ensminger* and noting, "[a]lthough non-binding authority from a district or circuit court
23 | may not provide a fair and just reason, an impending review of the law by the Supreme
24 | Court can provide a fair and just reason").

**B.    Lorente's reassessment of the strength of legal arguments he willingly abandoned inspired by the success of other similarly situated defendants who made those arguments is not a fair and just reason for withdrawing his guilty plea.**

27 |      Although Lorente identifies three judicial decisions that came after his plea that he
28 | asserts justify withdrawal, his request actually reflects little more than his misgivings

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 6
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

about the wisdom of the bargain he struck with the government and his decision to forego further litigation. Rule 11's fair and just reason standard requires something more than a change of heart, and he should not be permitted to withdraw his plea.

Lorente first points to decisions in the District of Massachusetts and the Northern District of Oklahoma involving defendants who, like Lorente, were identified as a result of the FBI's investigation of the users of Playpen. Also like Lorente, those defendants moved to suppress evidence obtained as a result of the FBI's use of the NIT, raising similar (though not identical) arguments. Unlike Lorente, however, those defendants did not plead guilty before the Court resolved their motions, and both prevailed in the trial court. *See United States v. Levin*, 3:15-cr-00011, 2016 WL 1589824 (D. Mass. April 20, 2016), *opin. superseded*, ___ F. Supp. 3d ___, 2016 WL 2596010 (D. Mass. May 5, 2015); *United States v. Arterbury,* 15-cr-182 (N.D. Okla. Apr. 25, 2016) (report and recommendation of magistrate judge). Lorente also points to this Court's suppression order in *United States v. Michaud*, which determined that although the government had legitimate bases for withholding certain discovery related to the NIT, it was nonetheless material and the defendant was entitled to suppression as a result of its nondisclosure. *See United States v. Michaud*, 3:15-cr-05351-RJB, Dkt. 212 (May 25, 2016). As explained below, these decisions do not reflect the kind of "marked shift in governing law" that the Ninth Circuit recognizes can justify withdrawal of a guilty plea. *Ensminger*, 567 F.3d at 592. The arguments made by the defendants in those cases were available to Lorente, but he, with the benefit of counsel, concluded that it was in his best interests to pursue a plea agreement. That he has no concluded otherwise is no valid basis for withdrawal.

To begin, *Levin* and *Arterbury* are not binding precedent in this or any other Court, and they worked no fundamental alteration in the legal landscape applicable to Lorente's suppression arguments. Rather, they are but two of many district court opinions on an issue that is the subject nationwide litigation. To be sure, the defendants in those two cases have been successful thus far. Their success, however, has so far been the

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 7
*United States v. Lorente*  CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 exception and not the rule.  Indeed, most courts to have considered motions to suppress
2 related to the FBI's use of the NIT. Including this one, have sided with the government.
3 *United States v. Michaud*, 3:15-cr-05351-RJB, 2016 WL 337263 (W.D. Wash. Jan. 28,
4 2016); *see also United States v. Matish*, 4:16cr16, 2016 WL 3545776 (E.D. Va. June 21,
5 2016); *United States v. Darby*, 2:16cr36, Doc. No. 31 (E.D. Va. June 3, 2016); *United
6 States v. Werdene*, 15-434, 2016 WL 3002376 (E.D. Pa. May 18, 2016); *United States v.
7 Epich*, No. 15-cr-163, 2016 WL 953269 (E.D. Wis. Mar. 14, 2016); *United States v.
8 Stamper*, 1:15-cr-109, 2016 U.S. Dist. LEXIS 20298 (S.D. Ohio Feb. 19, 2016).

9       Moreover, at the time Lorente entered his plea, the parties had exhaustively
10 briefed his motions to suppress and to dismiss the indictment.  Rather than proceed with
11 continued litigation, however, Lorente entered into a plea agreement with the
12 government, whereby the government agreed, among other things, to dismiss the count
13 that would subject Lorente to a statutory minimum of five years' imprisonment.  Lorente
14 chose the predictability that a guilty plea provides over the uncertainty of continued
15 litigation.  The mere fact that others made a different strategic calculus and that calculus
16 appears to have paid off may explain why Lorente now has second thoughts.  But it does
17 not constitute the sort of "marked shift in governing law that gives traction to a
18 previously foreclosed or unavailable argument" that the Ninth Circuit has found will
19 support withdrawal of a plea.  *Ensminger*, 567 F.3d at 592.

20       Nor does this Court's decision in *Michaud*[3] provide Lorente any basis to withdraw
21 his plea.  At the time he entered his plea, Lorente had two capable and experienced
22 attorneys from the same organization, one of whom had a lead role in the *Michaud*
23 discovery litigation.  Moreover, the dispute that gave rise to the Court's suppression order
24 was in full bloom at the time Lorente entered his plea on April 19, 2016.  After all, the

---

[3] While the government does not concede that the decision in *Michaud* would be dispositive were the parties in this case to litigate the same discovery dispute, it does acknowledge that many of the factual and legal issues resolved in *Michaud* would also be present in this case and that the Court's decision in *Michaud* would, at a minimum, be highly persuasive.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 8
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

government filed a motion for reconsideration of this Court's February 17, 2016, discovery order and clearly stated its unwillingness to produce the discovery at issue on March 28, 2016, more than three weeks earlier. *See United States v. Michaud*, 3:15-cr-05351-RJB, Dkt. 165. Lorente must have been aware that this avenue of litigation was open to him. Tellingly, he makes no claim to the contrary in his motion. Obviously, he concluded, after consulting with counsel, that his interests would be best served by pleading guilty.

To be sure, Lorente may see the government's position as harsh or overly formalistic. But as the Ninth Circuit has recognized, there are sound reasons for applying Rule 11's fair and just reason standard—even when doing so liberally—so as not to render it toothless.

> The guilty plea is not a placeholder that reserves [a defendant's] right to our criminal system's incentives for acceptance of responsibility unless or until a preferable alternative later arises. Rather, it is a grave and solemn act, which is accepted only with care and discernment. Once a plea is accepted, permitting withdrawal is, as it out to be, the exception, not an automatic right.
>
> ***
>
> We see no reason to dilute even further the effectiveness and finality of valid guilty pleas simply because [the defendant] has discovered a new non-binding legal authority to cite in a motion he could have filed before pleading guilty, but chose not to bring. To give him that right on this record undermines any sort of workable standard and invites abuse.

*Ensminger*, 567 F.3d at 593 (internal citations and quotations omitted). Absent meaningful limits on a defendant's ability to withdraw his guilty plea, as the Supreme Court has explained, courts risk "degrad[ing] the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde*, 520 U.S. at 677.

Lorente's plight is no different from any other defendant who chooses the greater certainty a plea offers over the less predictable path of litigation and trial. As such, '[t]he onus . . . must remain on the defendant and defense counsel to take adequate precautions and reserve the rights and arguments that might materially affect the risk-benefit analysis when deciding to enter a guilty plea." *Ensminger*, 567 F.3d at 594. To conclude

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 9
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 otherwise is to permit withdrawal every time a defendant—seeing how others who make
2 different choices fare—decides he or she made the wrong call. If Rule 11's fair and just
3 reason standard is to have any meaning at all, it surely cannot countenance such a result.
4     In sum, Lorente had ample opportunity to consider his options and the advice of
5 experienced defense counsel. He weighed his options and concluded that a plea
6 agreement assuring he would not face a mandatory term of custody was a safer bet than
7 continued litigation. Like the defendants in the cases he points to, Lorente could have
8 chosen differently. The only thing that has changed since Lorente entered his plea is his
9 assessment of the wisdom of that decision. And while his desire to have his cake and eat
10 it too is understandable, it is not a fair and just reason for withdrawal of a plea.
11 Accordingly, his motion should be denied.

### IV. CONCLUSION

For the foregoing reasons, Lorente's motion to withdraw his guilty plea should be denied.

DATED this 12th day of July, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: 206-553-7970

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 10
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

*s/ Dru Mercer*
DRU MERCER
Paralegal Specialist
United States Attorney's Office
700 Stewart, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0755

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 11
*United States v. Lorente* CR15-274RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970