The Honorable Robert Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>    v.<br><br>GERALD LESAN,<br><br>                   Defendant. | NO. CR15-387RJB<br><br>MOTION TO WITHDRAW<br>GUILTY PLEA<br><br>NOTED: 8 July 2016<br><br>Oral Argument requested |

**MOTION**

Defendant Gerald Lesan, by and through his attorney, Robert Goldsmith, hereby moves to withdraw his plea of guilty entered on May 4, 2016.

This motion is supported by the following declaration of counsel and memorandum of law.

Respectfully submitted this 29th day of June, 2016:

S/_____
Robert Goldsmith
Attorney for Defendant Lesan
Email: bobgoldsmith2@juno.com

MOTION - 1

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-1592

# DECLARATION

1. I have been defendant's counsel since January 19, 2016.

2. Gerald Lesan was charged in a two-count Indictment with receipt of child pornography and possession of child pornography.

3. The starting point for the search and seizure in this case that led to the charges of this indictment are identical with the starting point for the search and seizure in United States v. Jay Michaud, CR15-5351RBJ, also pending before this court. More specifically, both the Lesan and Michaud cases originate from the same warrant issued by a U.S. Magistrate in the Eastern District of Virginia on February 20, 2015. That warrant permitted the government to employ a software program, referred to as the NIT, to obtain IP addresses and other information from computers all over the world that accessed a website under government control for 14 days. As in Michaud's case, Lesan's computer allegedly accessed the website under government control, which then formed the basis for a second warrant to search Lesan's home, computers and electronic devices. And that second search and seizure led to the Indictment, in the same manner as Michaud's case.

4. On January 28, 2016, Michaud's motion to suppress the fruit of this warrant was denied by this court.

5. In a letter dated, 2/19/16, the defendant requested in discovery, among other requests: "13. Please provide the entire NIT code, including all exploit, payload and other components."

6. In a letter dated March 1, 2016, the government indicated it would respond to "this request separately."

7. On March 9, 2016, Lesan's case was re-assigned to this Court (from Judge Coughenour) for all further proceedings, as related to CR15-5351RJB [Michaud].

8. In a letter dated March 15, 2016, the defendant again requested the "NIT code." That discovery demand for the "NIT code" was never satisfied.

9. On May 4, 2016, Lesan entered a guilty plea to one count of possession of child pornography.

10. May 25, 2016, this Court suppressed the fruits of the search in Michaud, changing the law

MOTION - 2

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-1592

of the case.

11. That same day, May 25, 2016, Lesan, through counsel, discussed this Court's new decision with the government and the government agreed not to raise the issue of any delay in filing a motion to withdraw his guilty plea on the basis of this Court's new decision.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 29th day of June, 2016 at Seattle, WA.        S/_____
                                                        Robert Goldsmith

## MEMORANDUM OF LAW

"The decision to allow withdrawal of a plea is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." *Id*. The standard, however, is applied liberally. *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005); *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998). Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir.), cert. denied, 495 U.S. 962, 109 L. Ed. 2d 756, 110 S. Ct. 2574 (1990) (citing *United States v. Rios-Ortiz*, 830 F.2d 1067, 1068 (9th Cir. 1987)).

"Intervening circumstances" can include a change in law applicable to the case. *United States v. Alvarado,* 622 F. Supp. 2d 988, 992 (E.D. Cal. 2009)(plea withdrawal granted where " intervening law now provides Alvarado with a plausible ground to object to the imposition of a consecutive five-year sentence under Section 924(c).") *See also, United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir.

MOTION - 3

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-1592

2004) (holding that a change in the law provided a fair and just reason to permit withdrawal of a guilty plea as the "intervening precedent" affected the likelihood of success of a legal argument in the case.) "The general rule is that an intervening change in governing law may operate as a fair and just reason to withdraw a guilty plea. Ordinarily, however, this development in the law--whether by rule, statute, caselaw, or otherwise--should provide the defendant with a previously unavailable ground sufficient to provide some material relief." *United States v. Ensminger*, 567 F.3d 587, 594 (9th Cir. 2009). *See also, United States v. Fiander*, 2008 U.S. Dist. LEXIS 105471, 2008 WL 5377885 (E.D. Wash. Dec. 23, 2008)(intervening circuit court opinions clarifying the elements of conspiracy provided a fair and just reason to permit the defendant's withdrawal of his guilty plea to a conspiracy charge); *United States v. Leon,* 2011 U.S. Dist. LEXIS 70798, (D. Haw. June 30, 2011)(Grants motion to withdraw guilty plea after U.S. Supreme Court granted cert in *U.S. v. Jones*. "Although non-binding authority from a district or circuit court may not provide a fair and just reason, an impending review of the law by the Supreme Court can provide a fair and just reason.")

     In Lesan's case, he was originally assigned to a court that had not ruled on a motion to suppress the fruits of the search stemming from the U.S. Magistrate issued warrant in Eastern Virginia. About six weeks after this Court's ruling on the motion to suppress, Lesan was assigned to this Court, as a related case. It was reasonable for Lesan to assume that this Court would adhere to its ruling denying the motion to suppress. Thereafter, Lesan pled guilty. Just three weeks after his plea, this Court granted a second motion to suppress by Michaud. That motion to suppress provides Michaud a potential dismissal of the charges if the government does not appeal. To be sure, this Court's decision and a resultant dismissal necessarily "affects the likelihood of success" (*Ortega-Ascanio*, *supra*) as to Lesan. A withdrawal of his plea could lead to a dismissal of all charges against him as well.

MOTION - 4

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-1592

# CONCLUSION

This Court's new decision suppressing the fruits of the search in Michaud's case is clearly an intervening circumstance that changes the law of Lesan's related case. It is a fair and just reason, and therefore, his motion to withdraw his plea of guilty should be granted.

Dated: June 29, 2016.  Respectfully submitted,

/s/_____
Robert Goldsmith, WSBA # 12265
Attorney for Defendant
Email: bobgoldsmith2@juno.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent electronically to the Assistant U.S. Attorney, counsel of record for the Government.

DATED this 29th day of June, 2016

.

_/s/ R. Goldsmith_____
Robert Goldsmith, WSBA # 12265
Email: Bobgoldsmith2@juno.com
Attorney for defendant

MOTION - 5

**ROBERT W. GOLDSMITH**
*Attorney at law*
705 Second Ave.
Seattle, WA 98104
(206) 623-1592