The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERALD LESAN,<br><br>Defendant. | NO. CR15-387RJB<br><br>**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA** |

## I. INTRODUCTION

Defendant Gerald Lesan seeks to withdraw his guilty plea, wrongly claiming that this Court's recent order in *United States v. Michaud* constitutes an intervening circumstance and thus a fair and just reason for withdrawal under Fed. R. Crim. Proc. 11(d)(2)(B). Dkt. 61.[1] That decision reflects no change in circumstances and does not otherwise establish a fair and just reason for withdrawal. What has changed is Lesan's assessment of the strength of his potential defenses and the wisdom of his decision to plead guilty, neither of which justify setting his plea aside.

As detailed below, Lesan has provided no sound reason—let alone a fair and just one—to support his request. He does not claim there was some defect in his plea

---

[1] The arguments raised in Lesan's motion substantially overlap with those made by Defendant Bruce Lorente, who also seeks to withdraw his plea. *See* CR15-274RJB Dkt. 72. Accordingly, large portions of the government's opposition brief filed in that case are identical to the brief that follows.

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 1
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

colloquy or point to newly discovery evidence. He also does not claim that he received ineffective assistance of counsel. He points instead to an instance where a similarly situated defendant successfully pressed legal arguments that Lesan expressly abandoned when he chose to enter into a plea agreement with the government. The decision Lesan points to cannot serve as a valid basis for withdrawal because, as the Ninth Circuit has explained, it does not reflect a change in law that would provide Lesan with some heretofore unavailable legal argument. At most, it lends support to legal arguments that Lesan had every opportunity to make yet chose to forego in favor of a plea. The Ninth Circuit has rejected the notion that a defendant's reassessment of his legal position based on developments in the case law can support withdrawal of a plea.

Lesan and his attorneys were well aware of the arguments presented by the defendant in *Michaud*. But after assessing the relative strength of those arguments, Lesan concluded that it was in his best interest to plead guilty and by doing so avoid a statutory mandatory minimum sentence. Now having seen that another defendant who chose a different path achieved an outcome he finds more desirable, Lesan has had a change of heart. It is true that Rule 11's fair and just reason standard should be interpreted broadly. But to permit Lesan to withdraw his plea simply because he has reassessed the strength of legal arguments he willingly abandoned would stretch that standard beyond the breaking point. Lesan has made no showing that would justify withdrawal of his plea, and his motion should be denied.

## II. FACTUAL BACKGROUND

This case arose from a months-long FBI investigation into users of the Playpen website engaged in the trade of illicit child pornography. As part of that investigation, the FBI briefly assumed administrative control of that site and obtained a warrant permitting it to deploy a "Network Investigative Technique" (the "NIT") that would assist in identifying users whose IP addresses were hidden.

Using the NIT, the FBI identified an IP address associated with a Playpen user that was ultimately traced to Gerald Lesan. FBI Special Agent Jack Kane subsequently

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 2
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

obtained a search warrant for Lesan's residence, and FBI executed the warrant at Lesan's home in November 2015. Following the execution of the warrant, Lesan began an email correspondence with his estranged wife in which he made several incriminating admissions, including his having used Tor to obtain illicit materials and using a camera to make surreptitious recordings (including recordings of minors) in the bathroom of his home. A forensic examination of his devices also revealed the presence of a number of images of child pornography and child erotica. Lesan was later indicted on one count each of possession and receipt of child pornography.

Before the expiration of the motions deadline, the parties reached a plea agreement whereby Lesan was able to plead to a single count of access with intent to view child pornography, which assured he would not be subject to a mandatory minimum term of imprisonment. Lesan entered his plea before Magistrate Judge Strombom on May 4, 2016. Dkt. 55. The Court accepted his plea on May 19, 2016. Dkt. 59.

### III. ARGUMENT

After a guilty plea has been accepted but before sentencing, a defendant may withdraw that plea only if the defendant can show a "fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B); *see also United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." *United States v. Nostratris*, 321 F.3d 1206, 1208 (9th Cir. 2003). And while the fair and just reason standard is to be applied liberally, "withdrawal is, as it ought to be, the exception," not the rule. *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

Indeed "a change of heart—even a 'good faith change of heart'—is not a fair and just reason that entitles [a defendant] to withdraw his plea, even where the government incurs no prejudice." *Id.* at 593 (quoting *United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987)). As the Supreme Court has explained, a guilty plea should not be viewed as merely "tentative." *United States v. Hyde*, 520 U.S. 670, 676 (1997). "Were withdrawal automatic in every case where the defendant decided to alter his tactics . . . ,

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 3
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 the guilty plea would become a mere gesture, a temporary and meaningless formality
2 reversible at the defendant's whim." *Id.* at 677.

3   "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies,
4 newly discovered evidence, intervening circumstances, or any other reason for
5 withdrawing the plea that did not exist when the defendant entered his plea." *Davis*, 428
6 F.3d at 805 (citation omitted). The Ninth Circuit has also recognized that a post-plea
7 change in the law may justify withdrawal under Rule 11. However, this is true only of a
8 change in the law that "gives traction to a previously foreclosed or unavailable
9 argument." *Ensminger*, 567 F.3d at 592; *accord United States v. Leon*, No. CR 09-00452
10 JMS, 2011 WL 2605622, at *3 (D. Haw. June 30, 2011) (permitting withdrawal where a
11 post-plea grant of *certiorari* could result in the reversal of binding circuit precedent).

12   Here, Lesan claims no defect in his plea colloquy or the advice of counsel, nor
13 does he assert newly discovery evidence would justify setting his plea aside. Rather, he
14 points this Court's May order suppressing evidence in *United States v. Michaud* as an
15 intervening circumstance that provides a valid basis for withdrawal. That decision,
16 however, broke no new ground, and it did not open the door to legal arguments that had
17 previously been closed to Lesan. To the contrary, it reflects an instance where a similarly
18 situated defendant successfully pressed legal arguments that Lesan freely abandoned
19 when he pled guilty. What has changed for Lesan is his assessment of the wisdom of that
20 choice in light of that development. Buyer's remorse is not a valid justification for
21 withdrawal of a plea, however. And his motion should be denied.

**A.  A change in the law may serve as a fair and just reason for withdrawing a plea where it results in the availability of a previously unavailable legal argument.**

While the Ninth Circuit has held that a post-plea change in the law may serve as a fair and just reason for withdrawing a guilty plea, it has also recognized that not every development in the law necessarily warrants setting aside a plea. In *United States v. Ortega-Ascanto*, for example, the Ninth Circuit found that an intervening Supreme Court decision that overruled binding circuit precedent provided a valid basis for withdrawing a guilty plea because that decision provided the defendant a previously unavailable defense

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 4
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 to his charges. 376 F.3d 879, 884-85 (9th Cir. 2004). The Ninth Circuit has also made
2 clear that this doctrine has its limits, lest a guilty plea be transformed into little more than
3 a placeholder, revocable at the defendant's whim.

4 Specifically, in *United States v. Ensminger,* the Ninth Circuit clarified the limits of
5 its holding in *Ortega-Ascanto*, explaining that a change in the law may support
6 withdrawal of a guilty plea if that change results in the availability of some previously
7 unavailable legal argument. There, the defendant challenged the denial of his motion to
8 withdraw his guilty plea to a charge of failure to register as a sex offender. *Ensminger*,
9 567 F.3d at 588. He asserted that the district court abused its discretion because, after he
10 pled guilty, a district court in another Circuit dismissed the same charge on constitutional
11 grounds and thus he should have been able to rely on that decision to mount the same
12 challenge. *Id.* at 588-89. The Ninth Circuit disagreed, noting that the defendant "made
13 the strategic decision not to venture down this avenue" of litigation "before negotiating a
14 plea agreement with the prosecution." *Id.* at 591-92.

15 Directly addressing *Ortega-Ascanto*, the court explained that in that case, the
16 defendant demonstrated a fair and just reason for withdrawal given "an intervening
17 Supreme Court decision that overruled Circuit precedent and gave [the defendant] a
18 plausible ground for dismissal [of] his indictment." *Ensminger*, 567 F.3d at 591-92
19 (internal citations and quotation marks omitted). It continued, "[a] marked shift in
20 governing law that gives traction to a *previously foreclosed or unavailable* argument may
21 operate as a fair and just reason to withdraw a guilty plea." *Id.* at 592 (emphasis added).
22 "A development in non-binding authority such as a district court decision in another
23 circuit, by contrast, is not a change in the law in this sense and therefore does not
24 constitute 'intervening circumstances' satisfying a defendant's burden under Rule
25 11(d)(2)(B)." *Id.*

26 Nor was the court persuaded by the defendant's claim that the intervening decision
27 had altered his calculus about the strength of his potential challenge. *Id.* at 593. The
28 court noted it was "unmoved" by the defendant's argument that "he decided against filing

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 5
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  an otherwise available motion to dismiss because, to his knowledge, courts to that date
2  had universally rejected" the constitutional challenge. *Id.* Where the defendant offered
3  "no valid excuse for his failure to timely bring a constitutional challenge to the statute,"
4  he could not withdraw his plea simply because he now had second thoughts about his
5  decision to forego that litigation. *Id.*; *accord. Leon,* 2011 WL 2605622, at *3 (applying
6  *Ensminger* and noting, "[a]lthough non-binding authority from a district or circuit court
7  may not provide a fair and just reason, an impending review of the law by the Supreme
8  Court can provide a fair and just reason").

**B.  Lesan's reassessment of the strength of legal arguments he willingly abandoned inspired by the success of another similarly situated defendant who made those arguments is not a fair and just reason for withdrawing his guilty plea.**

Although Lesan identifies a judicial decision that came after his plea that he asserts justifies withdrawal, his request actually reflects little more than his misgivings about the wisdom of the bargain he struck with the government and his decision to forego litigation. Rule 11's fair and just reason standard requires something more than a change of heart, and he should therefore not be permitted to withdraw his plea.

Lesan points to this Court's suppression order in *United States v. Michaud*, which determined that although the government had legitimate bases for withholding certain discovery related to the NIT, it was nonetheless material and the defendant was entitled to suppression as a result of its nondisclosure. *See United States v. Michaud*, 3:15-cr-05351-RJB, Dkt. 212 (May 25, 2016). But that decision does not reflect the kind of "marked shift in governing law" that the Ninth Circuit recognizes can justify withdrawal of a guilty plea. *Ensminger*, 567 F.3d at 592. The arguments made by the defendant in that case were available to Lesan. Yet he, with the benefit of counsel, concluded that it was in his best interests to pursue a plea agreement. That he has now concluded otherwise is no valid basis for withdrawal.

At the time he entered his plea, Lesan had two capable and experienced attorneys representing him, one of whom had a lead role in the *Michaud* discovery litigation. Moreover, the dispute that gave rise to the Court's suppression order was in full bloom at

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 6
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the time Lesan entered his plea on May 4, 2016. After all, the government filed a motion
2  for reconsideration of this Court's February 17, 2016, discovery order and clearly stated
3  its unwillingness to produce the discovery at issue on March 28, 2016, more than a month
4  earlier. *See United States v. Michaud*, 3:15-cr-05351-RJB, Dkt. 165.

5  Lesan must have been aware that this avenue of litigation was open to him.
6  Indeed, as Lesan notes in his motion, he made the same discovery requests at issue in the
7  *Michaud* litigation, presumably in an effort to ensure there was an appropriate record for
8  eventual motions practice. Rather than proceed with a discovery fight (or raise the same
9  suppression/dismissal arguments already rejected in *Michaud*), Lesan entered into a plea
10 agreement with the government. Most significantly, that agreement allowed Lesan to
11 avoid any count of conviction that might carry a mandatory minimum term of
12 imprisonment. Lesan chose the predictability that a guilty plea provides over the
13 uncertainty of litigation and trial. The fact that another applied a different strategic
14 calculus and that calculus appears to have paid off may explain why Lesan now has
15 second thoughts. But it does not constitute the sort of "marked shift in governing law
16 that gives traction to a previously foreclosed or unavailable argument" that the Ninth
17 Circuit has found can support withdrawal of a plea. *Ensminger*, 567 F.3d at 592.

18 To be sure, Lesan may see the government's position as harsh or overly
19 formalistic. But as the Ninth Circuit has recognized, there are sound reasons for applying
20 Rule 11's fair and just reason standard—even when doing so liberally—so as not to
21 render it toothless.

> The guilty plea is not a placeholder that reserves [a defendant's] right to our
> criminal system's incentives for acceptance of responsibility unless or until
> a preferable alternative later arises. Rather, it is a grave and solemn act,
> which is accepted only with care and discernment. Once a plea is accepted,
> permitting withdrawal is, as it out to be, the exception, not an automatic
> right.
>
> ***
>
> We see no reason to dilute even further the effectiveness and finality of
> valid guilty pleas simply because [the defendant] has discovered a new
> non-binding legal authority to cite in a motion he could have filed before

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 7
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

> pleading guilty, but chose not to bring. To give him that right on this record undermines any sort of workable standard and invites abuse.

*Ensminger*, 567 F.3d at 593 (internal citations and quotations omitted). Absent meaningful limits on a defendant's ability to withdraw his guilty plea, as the Supreme Court has explained, courts risk "degrad[ing] the otherwise serious act of pleading guilty into something akin to a move in a game of chess." *Hyde*, 520 U.S. at 677.

Lesan's plight is no different from any other defendant who chooses the greater certainty a plea offers over the less predictable path of litigation and trial. As such, '[t]he onus . . . must remain on the defendant and defense counsel to take adequate precautions and reserve the rights and arguments that might materially affect the risk-benefit analysis when deciding to enter a guilty plea." *Ensminger*, 567 F.3d at 594. To conclude otherwise is to permit withdrawal every time a defendant—seeing how others who make different choices fare—decides he or she made the wrong call. If Rule 11's fair and just reason standard is to have any meaning at all, it surely cannot countenance such a result.

In sum, Lesan had ample opportunity to consider his options and the advice of experienced defense counsel. He weighed his options and concluded that a plea agreement assuring he would not face a mandatory term of custody was a safer bet than continued litigation and trial. Like the defendant in *Michaud*, Lesan could have chosen differently. The only thing that has changed since Lesan entered his plea is his assessment of the wisdom of that decision. And while his desire to have his cake and eat it too is understandable, it is not a fair and just reason for withdrawal of a plea. Accordingly, his motion should be denied.

///

///

///

///

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 8
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

For the foregoing reasons, Lesan's motion to withdraw his guilty plea should be denied.

DATED this 12th day of July, 2016.

Respectfully submitted,

ANNETTE L. HAYES
United States Attorney

*/s/ Matthew P. Hampton*
MATTHEW P. HAMPTON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
Telephone: 206-553-7970
Fax: 206-553-0755
E-mail: Matthew.Hampton@usdoj.gov

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 9
*United States v. Lesan* CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

CERTIFICATE OF SERVICE

1
2
3   I hereby certify that on July 12, 2016, I electronically filed the foregoing with the
4   Clerk of Court using the CM/ECF system which will send notification of such filing to
5   the attorney of record for the defendant.
6
7                                      s/ Dru Mercer
8                                      DRU MERCER
                                       Paralegal Specialist
9                                      United States Attorney's Office
10                                     700 Stewart, Suite 5220
                                       Seattle, Washington 98101-1271
11                                     Phone:  206-553-7970
                                       Fax:    206-553-0755
12

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA - 10
*United States v. Lesan*  CR15-387RJB

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970