UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § § VS. § § § § § § DENNIS PATRICK MEEHAN HUGHES § | CRIMINAL ACTION NO. 3:15-CR-11 |

## ORDER

Pending before the Court is the Government's motion to pay the defendant's special assessments with money posted by the defendant's wife as security for an appearance bond. For the reasons given below, the motion is **DENIED**.

### I.   BACKGROUND

Defendant Dennis Patrick Meehan Hughes was indicted on June 30, 2015 for one count each of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and 2252A(b)(1); access with intent to view child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2); and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) (Dkt. 16). He entered a guilty plea on all counts on March 22, 2016, and his punishment included an 84-month prison term; a 10-year term of supervised release; and $5,300.00 in special assessments (Dkt. 78).

At issue in this motion is $5,000.00 that Hughes's wife posted as security for an appearance bond for him (Dkt. 83 at p. 1). The Government seeks to use that money to

help satisfy the $5,300.00 special assessment (Dkt. 83 at p. 1). Hughes opposes the Government's motion and requests that the Court return the $5,000.00 to his wife (Dkt. 84 at p. 1).

II. **THE STANDARD GOVERNING THE PAYMENT OF FINES WITH BOND MONEY**

The parties agree that the Government's motion is governed by 28 U.S.C. § 2044, which in its entirety reads:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. The court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship. This section shall not apply to any third party surety.
> 28 U.S.C. § 2044.

There is little authority regarding this statute, and none that is binding on this Court; but the Court agrees with the Eastern District of Louisiana's holding that demonstrating the applicability of Section 2044 requires two showings: (1) that the money was deposited by the defendant or on the defendant's behalf; and (2) that the money belongs to the defendant. *United States v. Harris*, No. 95-180, 1996 WL 291200, at *1 (E.D. La. May 29, 1996). The Court further agrees with the Southern District of Florida's well-reasoned holding that the Government bears the burden of showing, by a

preponderance of the evidence, that the second prong[1] is satisfied—i.e. that the funds in question belonged to the defendant and were not deposited by a third-party surety. *United States v. Gonzalez*, No. 11-CR-80211, 2013 WL 654918, at *3–4 (S.D. Fla. Feb. 21, 2013).

III. **THE EVIDENCE**

The only evidence in the record with regard to who owns the $5,000.00 is an "Affidavit of Ownership of Security for Appearance Bond" sworn out by Hughes's wife averring that she is the owner of the funds (Dkt. 8-2). The Government has not presented any evidence; its arguments are purely legal. The Government contends that the Court must presume that the funds are community property under Texas law unless Hughes proves by clear and convincing evidence that they are his wife's separate property (Dkt. 85 at p. 3). *See* TEX. FAM. CODE §§ 3.001–3.003. The Government cites no federal caselaw to support this position, and the only Fifth Circuit case the Court could find casts doubt on it.

In *United States v. Jones*, 607 F.2d 687 (5th Cir. 1979), a pre-Section-2044 case, the defendant's wife posted a cash bond for the defendant's release pending trial. The Western District of Texas required that the bond be used for partial payment of the defendant's criminal fine, even though there was no violation of the defendant's bail terms. *Id.* at 687. The Fifth Circuit reversed the district court's order and remanded the case for a determination of whether the bail funds should be returned to the defendant's wife or the defendant's attorney, to whom the wife had executed an assignment of the

---

[1] Judging from the parties' submissions, the first prong is not at issue here.

funds. *Id.* at 688–89. Critically, if the assignment to the attorney was invalid, the funds would be returned to the defendant's wife, not the defendant,[2] as "[t]he cash bond was posted by [the defendant's wife], not the defendant, and there was nothing before the court to indicate that it was the defendant's money." *Id.* Such is the case here. Hughes's wife not only posted the security funds but swore that she alone was the owner of the money at issue (Dkt. 8-2), and the Government has not presented any evidence to counter her affidavit of ownership.

The Court understands the logic of the government's position, but it does not consider the Texas Family Code's community property presumption determinative. The materially identical *Jones* case makes no mention of Texas community property law and, in fact, cautions against employing any presumption that a cash bond deposited on behalf of a defendant belongs to that defendant. *Id.* at 688. In any event, Hughes's wife has presented unrebutted evidence of sole ownership of the $5,000.00. Under these circumstances, the Government cannot rest on a presumption drawn from the Texas Family Code. The Government has not carried its evidentiary burden. Its motion (Dkt. 83) is **DENIED**.

---

[2] Return of the funds to the *Jones* defendant, subject to "whatever remedies might be available to the Government as a creditor[,]" was a possibility if the funds were his because *Jones* predated the enactment of Section 2044. *See United States v. Jones*, 607 F.2d 687, 688 (5th Cir. 1979); *see also United States v. Gonzalez*, No. 11-CR-80211, 2013 WL 654918, at *3–4 (S.D. Fla. Feb. 21, 2013) ("[I]n enacting Section 2044, Congress upended centuries of settled law that required bail monies to be used for the sole purpose of inducing a criminal defendant to comply with the terms of his pretrial release."). The Court sees no reason to think that the passage of Section 2044 had any effect on the precedential value of *Jones*'s discussion of who owned the cash bond funds—Section 2044 only affected how bond funds that belong to the defendant are disbursed, not how ownership of bond funds is determined.

**IT IS ORDERED** that the United States government **RETURN** the bail money posted by Claire Hughes in the amount of $5,000.00 on behalf of Dennis Patrick Meehan Hughes to Claire Hughes forthwith.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on ___June 6___, 2017.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE C. HANKS, JR.
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE